UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:97-CR-9 |
| | § | |
| CEDRIC BASS | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 25, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I.  The Original Conviction and Sentence

Defendant was sentenced on February 20, 1998, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Use of a Communication Facility to Facilitate the Commission of a Felony, a Class E felony.  This offense carried a statutory maximum imprisonment

term of 4 years.  The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 48 months.  Defendant was subsequently sentenced to 48 months imprisonment followed by 1 year supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure; and a $100 special assessment.  Defendant's sentence was ordered to run concurrently with his imprisonment pursuant to the judgment in Docket No. 95-10-01173-CR, in Montgomery County District Court.

## II.  The Period of Supervision

On August 9, 2004, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on February 9, 2005.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 25, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of |

> release of imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

As grounds, the petition alleges that on January 25, 2005, defendant was arrested and charged with Possession of a Controlled Substance, namely cocaine, Resisting Arrest, and Evading Arrest. Defendant was subsequently convicted of these charges. The petition further alleges that on November 19, 2004, defendant submitted a urine specimen which tested positive for cocaine.

### IV.  Proceedings

On January 30, 2008, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violation of supervised release conditions. Finally, the parties agreed to defer to the court's judgment regarding an appropriate sanction.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. The parties disagreed with respect to an appropriate sanction, specifically regarding the length of imprisonment. The disagreement centered on whether defendant should receive a minimum sentence because he has served time in state court for a parole violation.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class E felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is one year.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions

of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

> 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

<u>**Findings:**</u>

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance in November, 2004. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 4 to 10 months imprisonment upon revocation.

<u>**Discussion:**</u>

Defendant allocuted before the court, and suggested that any additional sentence based on his admitted supervised release violation would constitute double jeopardy. Defendant, although represented by the Federal Public Defender, presented a *pro se* brief arguing the same points. While lacking clarity, the argument is founded on the fact that defendant's *original* sentence was ordered to run *concurrently* with a *state* sentence.

There is no suggestion that the Bureau of Prisons failed to honor the concurrent sentence provisions.  Rather, defendant eventually was released on state parole, and such parole was revoked due to subsequent unlawful conduct.  That conduct was *one* of the supervised release violations alleged in the present petition.  Defendant believes that because the original *federal* sentence was to run concurrent with the original *state* sentence, a subsequent federal supervised release revocation sentence must also run concurrent with a subsequent state parole revocation sentence.

This argument, while sincerely advanced, is clearly wrong.  First, nothing in the original federal judgment contained any reference to how a subsequent supervised release revocation sentence should be calculated.  Second, a term of imprisonment imposed upon revocation of supervised release "shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f) (emphasis added).  Third, even if there were no requirement for consecutive sentences, there is no double jeopardy concern here.  Defendant is not being prosecuted again for the same offense because supervised release revocations are not criminal prosecutions.  See United States v. Hinson, 429 F.3d 114, 119 (5th Cir. 2005).  Moreover, defendant's supervised release violation is for using a controlled substance, cocaine, in November, 2004.  His state parole was revoked for entirely separate conduct that occurred in January, 2005.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation. Although the court cannot accept defendant's arguments for a "time served" sentence based on the original concurrent sentence or defendant's misguided double jeopardy argument, there is a another interests-of-justice reason for not imposing a maximum revocation sentence. It is true that defendant has been incarcerated for a very long time, considering both his original and parole revocation sentences. A maximum additional supervised revocation sentence will serve no useful purpose, and may run counter to any rehabilitation or deterrence functions. This seems especially the case for defendant who, following discharge from the supervised release revocation sentence, still faces lengthy further supervision by state parole authorities. Therefore, a sentence of imprisonment on the lower end of the guideline sentencing range is appropriate.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of five (5) months, with no supervised release to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. See Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this  20  day of February, 2008.

_____
Earl S. Hines
United States Magistrate Judge